UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIOBHAN THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>PF CHANG'S CHINA BISTRO, INC.,<br><br>    Defendant. | No. 3:18-cv-00186 (MPS) |

**RULING ON MOTION TO DISMISS**

Plaintiff Siobhan Thompson brings this suit against defendant PF Chang's China Bistro, Inc. for injuries she allegedly sustained from a slip and fall at a restaurant owned and operated by the defendant in Nashville, Tennessee. The defendant removed the case. Now before me is the defendant's motion under Fed. R. Civ. P. 12(b)(2) to dismiss this case for lack of personal jurisdiction. In particular, the defendant contends that Connecticut's long arm statute does not reach the defendant and that the Court's exercise of personal jurisdiction over the defendant would violate the defendant's due process rights. (ECF No. 11.) I agree with the latter point and therefore conclude that the Court lacks personal jurisdiction over the defendant. Rather than dismissing the case, however, I exercise my discretion to transfer it under 28 U.S.C. § 1406(a) to the United States District Court for the Middle District of Tennessee. The defendant's motion to dismiss is therefore granted in part and denied in part.

**I.    Background**

Except where otherwise indicated, these facts are taken from the relevant portions of the complaint.

The plaintiff is a resident of the State of Connecticut. (ECF No. 1, Exhibit A ("Complaint") at ¶ 1.) The defendant is "a Delaware corporation which operates a national chain

1

of restaurants, and maintains restaurant locations, undertakes advertising activities and conducts business in multiple states, including the States of Connecticut and Tennessee." (*Id.* at ¶ 2.) The defendant has its principal place of business in Arizona. (*Id.* at ¶ 2.) According to the allegations in the complaint, the plaintiff entered a restaurant owned and operated by the defendant in Nashville, Tennessee on April 20, 2017. (*Id.* at ¶ 4.) As she walked into the restaurant, she slipped on some water that had accumulated on the floor and fell. (*Id.* at ¶ 6.) "As a result of her fall, the plaintiff suffered . . . injuries, losses and damages . . . ." (*Id.*) The plaintiff alleges that the fall occurred "due to the negligence and carelessness of the defendant . . ., its servants, agents or employees . . . ." (*Id.* at ¶ 7.)

## II. Legal Standard

"On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), 'plaintiff bears the burden of showing that the court has jurisdiction over the defendant.'" *Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 09CV956(WWE), 2010 WL 11527383, at *2 (D. Conn. May 4, 2010) (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)). The plaintiff "need make only a *prima facie* showing by its pleadings and affidavits that jurisdiction exists," and "[t]hose documents are construed in the light most favorable to plaintiff and all doubts are resolved in [her] favor." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).

"[T]he amenability of a foreign corporation to suit in a federal court in a diversity action is determined in accordance with the law of the state where the court sits, with 'federal law' entering the picture only for the purpose of deciding whether a [S]tate's assertion of jurisdiction contravenes a constitutional guarantee." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir.

2

1963 (en banc)). As such, "in resolving questions of personal jurisdiction in a diversity action, a district court must conduct a two-part inquiry. First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

### III. Discussion

#### a. Existence of Personal Jurisdiction

The defendant makes two arguments in its motion to dismiss. First, it contends that "the applicable Connecticut long arm statute does not reach the defendant because not one of its four possible grounds is satisfied." (ECF No. 11-1 at 1.) Connecticut's long arm statute for claims against out-of-state corporations provides in relevant part:

> (a) The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice or demand required or permitted by law to be served on the foreign corporation. When the registered agent is other than the Secretary of the State and his successors in office, service may be effected by any proper officer or other person lawfully empowered to make service by leaving a true and attested copy of the process, notice or demand with such agent or, in the case of an agent who is a natural person, by leaving it at such agent's usual place of abode in this state.
>
> . . . .
>
> (f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced,

3

> manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929. The plaintiff contends that the defendant consented to the Court's jurisdiction by accepting service through an agent in the State of Connecticut in accordance with Connecticut law. (*See* ECF No. 14 at 4-5 (citing Conn. Gen. Stat. § 33-929(a)). There appears to be case law supporting both parties' positions on this matter. *Compare Wallenta v. Avis Rent a Car Sys., Inc.*, 10 Conn. App. 201, 207 (1987) ("A corporation which complies with the requisites of General Statutes § 33-[929](a) has, in fact, consented to the exercise of jurisdiction by the courts of this state."); *WorldCare Corp. v. World Ins. Co.*, 767 F. Supp. 2d 341, 357 (D. Conn. 2011) ("Conn. Gen. Stat. Section 33-929(a) may provide a basis for jurisdiction over corporations subject to due process requirements." (internal quotation marks, alteration, and emphasis omitted)) *with Anderson v. Bedford Assocs., Inc.*, No. 3:97 CV 1018, 1997 WL 631117, at *3 (D. Conn. Sept. 19, 1997) (holding that court did not have personal jurisdiction over defendant despite corporation having been authorized to do business in Connecticut and having registered agent for service of process in the state). I do not need to resolve this dispute, however, as the plaintiff has failed to demonstrate that the Court's assertion of personal jurisdiction over the defendant would comport with the requirements of due process.

"The Due Process Clause of the Fourteenth Amendment sets the outer boundaries of a state tribunal's authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). In the leading opinion of *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945), the Supreme Court held that a state may vest its courts with jurisdiction over an out-of-state defendant so long as "he ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit

4

does not offend traditional notions of fair play and substantial justice." *Id.* at 158 (internal quotation marks omitted). The Supreme Court has since boiled this concept down to two types of personal jurisdiction: specific and general jurisdiction. *See Goodyear*, 564 U.S. at 923-24. The former type of jurisdiction exists only where "the suit . . . aris[es] out of or relate[s] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (internal quotation marks and emphases omitted). General jurisdiction, by contrast, exists "over foreign (sister-state or foreign-country) corporations . . . when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 128, (2014). A corporation is generally considered "at home" for the purposes of general personal jurisdiction in the forum where "it was incorporated or has its principal place of business." *Id.* at 137. Since all of the events alleged by the plaintiff took place in Tennessee, she cannot avail herself of specific personal jurisdiction. Further, she alleges that the defendant is a Delaware corporation, and she has not contested the defendant's assertion that its principal place of business is in Arizona. As such, the plaintiff is left with the argument that the defendant has sufficient continuous and systematic contacts with the State of Connecticut to facilitate general personal jurisdiction.

The Supreme Court's decision in *Daimler* is instructive on the extent of general personal jurisdiction. *Daimler* concerned a suit in the Northern District of California against a German corporation for acts that occurred in Argentina. *Id.* at 120. The question at issue was whether the Due Process Clause precluded the existence of personal jurisdiction over the defendant in California. *Id.* at 121. The plaintiffs averred that general personal jurisdiction existed because the defendant had a subsidiary that, although incorporated and headquartered elsewhere,

distributed vehicles manufactured by the defendant in "independent dealerships . . . [in] California." *Id.* Further, the subsidiary possessed "multiple California-based facilities," was "the largest supplier of luxury vehicles to the California market," and its California sales accounted for "2.4% of [the defendant's] worldwide sales." *Daimler*, 571 U.S. at 123.

The *Daimler* Court concluded that even if it assumed that the subsidiary's activities could be imputed to the defendant, the trial court lacked general personal jurisdiction over the defendant. *Id.* at 760-62. In reaching this conclusion, the Court noted that if the defendant's mere sale of its products in California sufficed to establish general personal jurisdiction, then personal jurisdiction "would presumably be available in every other State in which [the subsidiary's] sales [were] sizable." *Id.* at 139. The Court opined that "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* 761-62 (internal quotation marks omitted). The Second Circuit has interpreted *Daimler* as "establish[ing] that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

The plaintiff has failed to establish that this is a "truly exceptional case" where the defendant may be treated as "essentially at home" in the State of Connecticut. The defendant submitted an affidavit with its motion to dismiss, uncontroverted by the plaintiff, averring that the defendant "operates a single restaurant in Connecticut . . . ." (ECF No. 12-1, Affidavit, at ¶ 8.) Although the plaintiff alleges that the defendant also undertakes advertising in Connecticut, the presence of a single franchise of a national company in a forum, together with some in-state

6

advertising, does not provide the sort of "continuous and systematic" contacts that renders a foreign corporation "at home" for the purposes of general personal jurisdiction. If multiple offices and a substantial portion of a company's sales did not facilitate general personal jurisdiction in *Daimler*, then a single franchise plus some advertising in a forum does not foster it in this case.

The Second Circuit's decision in *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014) is on point in this regard. In *Gucci*, the Second Circuit addressed whether a trial court possessed general personal jurisdiction over a foreign corporation that had branch offices in the forum but was incorporated and headquartered elsewhere. *Id.* at 134. Noting that *Daimler* had cast doubt on prior case law "that permitted general jurisdiction on the basis that a foreign corporation was doing business through a local branch office in the forum," the *Gucci* court concluded that "the district court [could not] properly exercise general personal jurisdiction over the bank" given that it conducted "only a small portion of its worldwide business" in the forum. *Id.* at 134-135. Other district courts in this circuit have reached similar conclusions. *See Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 388 (E.D.N.Y. 2015) (determining defendant's operation of a manufacturing plant in the forum did not confer upon court general personal jurisdiction over it); *SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 168 (S.D.N.Y. 2015) (concluding fact that defendant had offices in forum, conducted substantial business and had registered agent there did not give rise to general personal jurisdiction). Thus, the plaintiff has failed to carry her burden of demonstrating that the defendant has the sort of "continuous and systematic" contacts with the State of Connecticut that would render it "at home" for the purposes of general personal jurisdiction.

7

The single 1995 Connecticut Superior Court case cited by the plaintiff in support of her contention to the contrary does not alter this conclusion. (*See* ECF No. 14 at 10 (citing *Pepe v. Christmas Tree Shops*, No. CV95 04 96 06S, 1995 WL 299176, at *1 (Conn. Super. Ct. May 8, 1995) (concluding defendant corporation's operation of a single store in Connecticut conferred upon court general personal jurisdiction over defendant).) To the extent that case is apposite, it has been superseded by *Daimler*. As noted above, the *Gucci* court concluded that *Daimler* cast doubt on previous case law holding that general personal jurisdiction existed on the basis of a single branch operated by the defendant in a forum. *Gucci*, 768 F.3d at 135.

In light of the foregoing reasons, I conclude that the Court does not possess personal jurisdiction over the defendant.

### b. Dismissal or Transfer

The plaintiff contends that if the Court finds that it lacks personal jurisdiction over the defendant, it should transfer this matter to the "proper federal court in the state of Tennessee" rather than dismiss it. (ECF No. 14 at 12.) In support of this contention, the plaintiff cites 28 U.S.C. § 1631.[1] (*Id.*) The Second Circuit has cast doubt on whether that statute provides a district court with the authority to transfer a case due to lack of personal jurisdiction. *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 n. 9 (2d Cir. 2000) ("[T]he legislative

---

[1] 28 U.S.C. § 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

8

history of section 1631 provides some reason to believe that this section authorizes transfers only to cure lack of subject matter jurisdiction.") Other courts in this circuit have concluded that a district court inclined to transfer a case due to lack of personal jurisdiction should instead "use the 'transfer authority derived from either [28 U.S.C. § 1406(a)] or [28 U.S.C. § 1404(a)]." *Yurasov-Lichtenberg v. Betz*, No. 15CV1430RRMMDG, 2016 WL 4544031, at *7 n. 6 (E.D.N.Y. Aug. 30, 2016) (quoting *SongByrd*, 306 F.3d at 179 n. 9); *see also Henkin v. Gibraltar Private Bank & Tr. Co.*, No. CV 16-5452, 2018 WL 557866, at *4 (E.D.N.Y. Jan. 22, 2018) ("Although Plaintiff requests a transfer pursuant to 28 U.S.C. § 1631, it is more appropriately made under § 1406 and the Court will treat it as such.").

Section 1406 provides in relevant part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Since the Court does not have personal jurisdiction over the defendant as noted above, venue is also not proper in this district. *See* 28 U.S.C. § 1391(b) (venue proper in "judicial district in which any defendant resides," where "substantial part of the events or omissions giving rise to the claim occurred," or "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action"); 28 U.S.C. § 1391(c)(2) ("an entity with the capacity to sue and be sued . . . , whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"); *Bonkowski v. HP Hood LLC*, No. 15CV4956RRMPK, 2016 WL 4536868, at *4 (E.D.N.Y. Aug. 30, 2016) (noting venue improper due to court's conclusion that it lacked personal jurisdiction over defendant). As such, the Court has the discretion to dismiss or transfer this case. *See Minnette v. Time Warner*, 997

9

F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate [under 28 U.S.C. § 1406(a)] lies within the sound discretion of the district court.").

I conclude that it is in the interest of justice to transfer this case to the Middle District of Tennessee. Since the events underlying the plaintiff's allegations took place there, the majority of witnesses and relevant documents are presumably there as well. *See Bonkowski*, 2016 WL 4536868 at *5 (transferring case under 28 U.S.C. § 1406(a) to district where plaintiff sustained injuries at issue in suit in part for this reason). Further, the Second Circuit has held that "[a] compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (internal quotation marks omitted). Here, the plaintiff might be barred from refiling her case in Tennessee—the most logical forum for her case—due to the State's one year limitation period for the tort she alleges against the defendant. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A) (noting that "[a]ctions for . . . injuries to the person" must be commenced "within one (1) year after the cause of action accrued"). Also, dismissing the case would "force [the plaintiff] to expend significant time and money filing a new action in a new forum." *Hatfield v. Asphalt Int'l, Inc.*, No. 03 CIV.1372 DAB, 2004 WL 287680, at *5 (S.D.N.Y. Feb. 11, 2004). Finally, there is no indication that transferring the case rather than forcing the plaintiff to refile it in Delaware or Arizona would prejudice the defendant.

As such, I conclude that transferring the present action to the Middle District of Tennessee best serves the interest of justice and is thus warranted under 28 U.S.C. § 1406(a).

### IV. Conclusion

For the reasons discussed above, the defendant's motion to dismiss (ECF No. 14) is GRANTED IN PART AND DENIED IN PART. I conclude that the Court lacks personal

10

Case 3:18-cv-00633   Document 18   Filed 07/03/18   Page 10 of 11 PageID #: 118

jurisdiction over the defendant. Rather than dismissing the case, however, I conclude that it is in the interest of justice to transfer it to the Middle District of Tennessee under 28 U.S.C. § 1406(a). Thus, the Clerk is directed to transfer this case to the United States District Court for the Middle District of Tennessee.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut

July 3, 2018